FILED
CLERK

9:26 am, Apr 06, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
CASSANDRA COSGRIEF,

                Plaintiff,

   -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, ROBERT L. SPADACCINI, AND JOHN DOE,

                Defendants.
------------------------------------------------------------------------------x

Order
16-cv-104(ADS)(SIL)

APPEARANCES:

**Cassandra Cosgrief**
*Plaintiff Pro Se*
5 South Street
Center Moriches, NY 11934

**Suffolk County Attorney's Office**
*Counsel for the Defendants*
P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, NY 11788
        By:   Arlene S. Zwilling, Assistant County Attorney

**SPATT, District Judge:**

        On January 8, 2016, the Plaintiff Cassandra Cosgrief commenced this civil rights action against Suffolk County; the Suffolk County Police Department; and an individual police officer, namely, Robert L. Spadaccini, under 42 U.S.C. § 1983 and analogous provisions of New York State law.

        On February 11, 2016, the Defendants filed an answer substantially denying the Plaintiff's allegations.

        On June 17, 2016, counsel for the Plaintiff, namely, the Law Offices of Sandra M. Radna, P.C., filed a motion under Local Civil Rule 1.4 to be relieved as counsel in this matter.

        On July 6, 2016, the Court granted that motion, and stayed this case for a period of 30 days to permit the Plaintiff to retain new counsel or advise the Court that she intended to proceed *pro se*.

The Plaintiff never responded to this directive, and she was deemed to have elected to proceed with this matter *pro se*.

On October 6, 2016, United States Magistrate Judge Steven I. Locke held an initial discovery conference, which had been scheduled several months earlier on June 17, 2016.  After the Plaintiff failed to appear, Judge Locke adjourned the conference date to October 24, 2016.

On October 24, 2016, the Plaintiff failed again to appear for the discovery conference. Judge Locke, recognizing that the Plaintiff had apparently failed to keep the court apprised of her current address, further adjourned the conference date to December 16, 2016, and advised the Plaintiff in a written order that "[r]epeated failures to appear may result in a Recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41."

On December 16, 2016, the Plaintiff failed for the third time to appear as directed.  Thus, on December 19, 2016, Judge Locke issued a Report and Recommendation ("R&R"), recommending that, in view of the Plaintiff's repeated failure to appear for the scheduled conference, the complaint be dismissed for failure to prosecute.

On or about December 20, 2016, the Clerk of the Court attempted to serve the Plaintiff with a copy of the R&R by mail at her last known address.  However, the mailing was returned as undeliverable.

To date, the Plaintiff has neither responded to the R&R nor otherwise participated in this action.

Initially, the Court notes that "[i]t is the plaintiff's responsibility to keep the Court informed of [her] current address." *Ramero v. Young*, No. 11-cv-509, 2013 U.S. Dist. LEXIS 111603, at 6-*7 (W.D.N.Y. July 18, 2013) (Report and Recommendation), *adopted*, 2013 U.S. Dist. LEXIS 111103 (W.D.N.Y. Aug. 7, 2014) (dismissing *pro se* plaintiff's § 1983 complaint for failure to prosecute where he failed to provide the Court with an updated address where he could be served); *see Rivera v. Ramos*,

2

No. 13-cv-7785, 2015 U.S. Dist. LEXIS 58230, at *19 (S.D.N.Y. Apr. 15, 2015) (Report and Recommendation) (noting that "it is not the Court's obligation to track down a *pro se* litigant; rather, it is Plaintiff's obligation to keep the Court apprised of any changes to his address"), *adopted*, 2015 U.S. Dist. LEXIS 58200 (S.D.N.Y. May 4, 2015).

In this case, aside from her repeated failure to appear for a scheduled court conference, the Plaintiff has, both before and after the issuance of the R&R, failed to take any discernible action to advance this case, including keeping the Court apprised of her current whereabouts for purposes of receiving service of litigation documents. Thus, although it appears that the Plaintiff did not receive notice of Judge Locke's interlocutory orders and his R&R recommending dismissal, this was seemingly due to her own inaction.

Accordingly, after reviewing the docket in this case, the Court now adopts the R&R to the extent that it recommends dismissal for failure to prosecute. However, under these circumstances, the Court finds that the dismissal should be without prejudice. *See Wingate v. Anna M. Cross Ctr.*, No. 12-cv-2134, 2014 U.S. Dist. LEXIS 90883, at *3-*4 (S.D.N.Y. July 1, 2014) (noting that "[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions" (quoting *Reeder v. Hogan*, 515 F. App'x 44, 45 (2d Cir. 2013)).

The Clerk of the Court is respectfully directed to close this case.

It is **SO ORDERED:**

Dated: Central Islip, New York
April 6, 2017

/s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge